(88 Misc. Rep. 549)

COHN et al. v. MELANCON.

(Supreme Court, Appellate Term, First Department. January 7, 1915.)

COURTS (§ 189*)—MUNICIPAL COURT—CONVERSION—"WILLFUL INJURY."

    A technical conversion by a defendant, who acts in good faith and under color of title, is not a "willful injury," within Municipal Court Act (Laws 1902, c. 580) § 56, so as to render the defendant subject to arrest.

    [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 412, 413, 429, 458; Dec. Dig. § 189.*

    For other definitions, see Words and Phrases, First and Second Series, Willful.]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by William I. Cohn and Joshua Cohn, copartners, against Jules Melancon, doing business as the Original Idea Company. Judgment for plaintiff. From an order denying a motion to amend judgment, defendant appeals. Judgment modified, and order reversed.

Argued November term, 1914, before LEHMAN, DELANY, and WHITAKER, JJ.

Stern, Barr & Tyler, of New York City (Henry C. Moses, of New York City, of counsel), for appellant.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

LEHMAN, J.   The plaintiffs herein sued for the conversion of certain goods which the defendant had sold to a third party, and which the buyer returned to the defendant after the defendant had assigned the account to the plaintiffs under an agreement that, if any goods were returned by the buyer, these goods should be the property of the plaintiffs.

The record of the trial comes to us in a somewhat confused form, due partly to an amendment of the complaint at the trial, which changed the cause of action from fraud to conversion, partly to the fact that the record fails to include the exhibits offered at the trial, and partly to the fact that, apparently with the consent of the parties, the case was tried without insistence upon any strict order or method of proof.   However, as the defendant does not object to the judgment rendered against him for conversion, but appeals from an order denying his motion to amend the judgment by striking out the provision for a body execution, we must consider that the plaintiffs sufficiently proved their cause of action for conversion.

The Municipal Court Act does not authorize an arrest in every action for conversion, and in this case the defendant is not subject to arrest unless the action is for a "willful injury" of plaintiffs' property. Municipal Court Act, § 56.   Ordinarily, of course, the facts proving the conversion may be sufficient, also, to show that the injury was willful; but in this case the course of dealings between the parties was such that the defendant was apparently led to the honest belief that he had a right ro retain goods returned to him upon any account assigned to the plaintiffs, unless there was a balance due to the plaintiffs upon all the accounts transferred to the plaintiffs.   There seems to be no contention but that the decision in this case rests upon a rather difficult point of construction of the assignments between the parties, and inasmuch as the defendant was apparently acting in good faith, openly, and under a color of title, I do not think that we can hold that the technical conversion was a willful injury.

The judgment should therefore be modified, by striking out the words providing for a body execution, and the order denying the motion for the relief be reversed, with costs to appellant.   All concur.